**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RHONDA RANKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NATIONAL ASSET RECOVERY** | ) | |
| **SERVICES, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, RHONDA RANKINS, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, NATIONAL ASSET RECOVERY SERVICES, INC., Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.      RHONDA RANKINS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Saint Louis, County of Saint Louis, State of Missouri.

5.    The debt that Plaintiff was allegedly obligated to pay was a debt allegedly incurred by Plaintiff for her personal use and/or for her household expenditure (hereinafter, "the Debt").

6.    The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Ace Cash Express (hereinafter, "the Debt").

7.    The Debt was for a payday loan, the funds of which were used for the personal use of Plaintiff and/or used for her household expenditure.

8.    At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9.    NATIONAL ASSET RECOVERY SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri.  Defendant is incorporated in the State of Missouri.

10.    The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11.    Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12.    During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13.    At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

2

14.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

15.     In 2011, Plaintiff filed a Chapter 7 Petition for Bankruptcy in the United States Bankruptcy Court for the Eastern District of Missouri, with case number 11-44883-A659 (hereinafter, "Bankruptcy Proceeding").

16.     The Debt was included in Plaintiff's Bankruptcy Proceeding.

17.     On or about August 9, 2011, the Debt was discharged in Plaintiff's Bankruptcy Proceeding.

18.     Subsequent to on or about August 9, 2011, Plaintiff no longer owed the Debt.

19.     In or around July 2012, and on multiple occasions therein, Defendant initiated telephone calls to Plaintiff in an attempt to collect the Debt.

20.     During the course of the aforesaid time period, on multiple occasions, Defendant left voicemail messages for Plaintiff in an attempt to collect the Debt.

21.     During the course of the aforesaid time period, Defendant's duly authorized representative left Plaintiff a voicemail message wherein Defendant stated "[i]t is important that we speak within the next twenty-four (24) hours in order to avoid employment verification."

22.     Defendant's representation to Plaintiff that it would verify her employment if Plaintiff did not contact Defendant within the next twenty-four (24) hours had the effect of conveying to an unsophisticated consumer that if Plaintiff did not contact Defendant within the aforesaid time frame then Defendant would contact Plaintiff's employer to request information relative to Plaintiff's employment status.

23.     Upon information and belief, at the time Defendant made the aforesaid threat to contact Plaintiff's employer to request information relative to Plaintiff's employment status, Defendant had no intent to carry out the aforesaid threat.

24.     At the time Defendant made the aforesaid threat to contact Plaintiff's employer to request information relative to Plaintiff's employment status, Defendant had no authority to carry out the aforesaid threat.

25.     During the course of the aforesaid voicemail message Defendant left for Plaintiff, Defendant provided Plaintiff with a telephone number that Plaintiff was to contact.

26.     The telephone number Defendant left for Plaintiff to contact was Defendant's telephone number.

27.     During the course of the aforesaid voicemail message left by Defendant for Plaintiff, Defendant reiterated to Plaintiff that it had to speak to Plaintiff within the next twenty-four (24) hours.

28.     At no time during the course of the aforesaid voicemail message did Defendant's duly authorized representative provide Plaintiff with information relative to Defendant's identity.

29.     At no time during the course of the aforesaid voicemail message did Defendant inform Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

30.     Plaintiff heard the contents of the voicemail message left for her by Defendant.

31.     During the course of the aforesaid time period, subsequent to Plaintiff having heard the voicemail message left by Defendant, Plaintiff initiated a telephone call to Defendant at the telephone number Defendant informed Plaintiff to contact.

32.     Plaintiff then engaged in a telephone conversation with Defendant.

33.     During the course of the aforesaid telephone conversation, Defendant attempted to collect the Debt from Plaintiff.

34.     Plaintiff informed Defendant that the Debt had been discharged in bankruptcy.

35.     Plaintiff further informed Defendant that she no longer owed the Debt.

36.     Defendant responded to Plaintiff's statements by informing her that it would continue to call her to collect the Debt.

37.     Defendant's duly authorized representative then intentionally disconnected the telephone call with Plaintiff.

38.     Immediately thereafter, Plaintiff initiated another telephone call to Defendant.

39.     Plaintiff requested to speak to the duly authorized representative of Defendant who had previously hung up on her.

40.     Another duly authorized representative of Defendant stated that the aforesaid representative was no longer in Defendant's office.

41.     Upon information and belief, at the time Defendant stated its duly authorized representative was no longer in its office, said representative was still present in Defendant's office.

42.     Defendant's representation that its duly authorized representative was no longer in its office was false, deceptive and/or misleading given that, upon information and belief, the representative of Defendant with whom Plaintiff requested to speak was still present in Defendant's office.

43.     During the course of the aforesaid telephone conversation between Plaintiff and Defendant, Plaintiff told Defendant that it was attempting to collect a Debt from her that was discharged in bankruptcy.

44.     Defendant informed Plaintiff that she had to provide Defendant with information relative to the Bankruptcy Proceeding to demonstrate she did not owe the Debt.

45.     Defendant's representation to Plaintiff that she had to demonstrate to Defendant that she did not owe the Debt was false, deceptive and/or misleading given that it was not Plaintiff's responsibility to provide documentation to Defendant to demonstrate the Debt was one she no longer owed.

46.     In or around July 2012, subsequent to Plaintiff having informed Defendant that the Debt was discharged in Plaintiff's Bankruptcy Proceeding, Defendant continued to attempt to collect the Debt from Plaintiff.

47.     In or around July 2012, and on multiple occasions therein, Defendant initiated telephone calls to Plaintiff's place of employment in a further attempt to collect the Debt from Plaintiff.

48.     In or around July 2012, and on multiple occasions therein, Defendant continued to leave Plaintiff multiple voicemail messages in a further attempt to collect the Debt.

49.     During the course of the aforesaid time period, misrepresented the character, nature and/or legal status of the Debt as one of which Plaintiff was obligated to pay even though the Debt was discharged in Plaintiff's Bankruptcy Proceeding.

50.     Defendant's representation to Plaintiff that she was obligated to pay the Debt was further false, deceptive and/or misleading given that the Debt was discharged in Plaintiff's Bankruptcy Proceeding and Plaintiff was no longer obligated to pay the Debt.

51.     In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

> a.   Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

6

b.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

c.  Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

d.  Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

e.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

f.  Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

g.  Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

h.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

52.  As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

53.  Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RHONDA RANKINS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.  All actual compensatory damages suffered;

b.  Statutory damages of $1,000.00;

c.  Plaintiff's attorneys' fees and costs;

      d.      Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**RHONDA RANKINS**

By:    s/ David M. Marco      
       Attorney for Plaintiff

Dated: October 23, 2012

David M. Marco (Atty. No.: 6273315IL)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:    dmarco@smithmarco.com